01
02
03
04
05
06

07            UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
08                      AT SEATTLE

09 LINDA HABA,                          )  CASE NO. C10-540-MAT
                                        )
10      Plaintiff,                      )
                                        )
11      v.                              )  ORDER DENYING DEFENDANT'S
                                        )  MOTION TO DISMISS
12 MICHAEL J. ASTRUE, Commissioner      )
   of Social Security,                  )
13                                      )
        Defendant.                      )
14 _____)

15                             INTRODUCTION

16      Plaintiff, proceeding *pro se*, seeks relief from a decision of the Commissioner of the

17 Social Security Administration (Commissioner) assessing an overpayment of Disability

18 Insurance Benefits (DIB). (Dkt. 4.) The Commissioner moves to dismiss this action under

19 Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and/or under

20 Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. 11.) Now,

21 having considered all submissions associated with the pending motion, as well as the remainder

22 of the record, the Court concludes that the Commissioner's motion to dismiss should be denied.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PAGE -1

# BACKGROUND

In February 1992, plaintiff was found disabled and entitled to DIB as of April 22, 1990. (Dkt. 4 at 11 (Ex. 4).)  The Social Security Administration (SSA) subsequently advised plaintiff, in a notice dated August 13, 2000, that she was not entitled to benefits for the period of January 1999 through February 2000 due to her participation in substantial gainful activity. (Dkt. 19 at 6 (Ex. 1).)  The SSA explained that plaintiff had been overpaid $12,012.00 in benefits.  (*Id*. at 7.)

Plaintiff requested a waiver of the overpayment.  In a notice dated July 18, 2001, the SSA stated it could not approve the request for a waiver based on the facts in its possession at that time.  (*Id*. at 14 (Ex. 2).)  The notice scheduled a personal conference, to take place on August 13, 2001, in order to consider plaintiff's request for a waiver of the overpayment, which at that time totalled $8,544.00.  (*Id*.)  A subsequent letter, dated August 22, 2001, reflected that plaintiff failed to appear for a personal conference on either August 13, 2001 or on the date of the letter.  (*Id*. at 16 (Ex. 3).)  The letter informed plaintiff that the SSA found no basis for changing its decision to deny the waiver request and directed plaintiff to refund the outstanding overpayment within thirty days.  (*Id*.)

Plaintiff timely filed a request for hearing.  On October 16, 2002, an Administrative Law Judge (ALJ) held a hearing, with plaintiff appearing and offering testimony.  (*Id*. at 20 (Ex. 4).)   The ALJ issued a decision, on January 12, 2003, finding plaintiff was not "'without fault'" in accepting the overpayment and, therefore, that a waiver of the overpayment, at that point totalling $8,070.00, could not be granted.  (*Id*. at 20-23.)

In a letter dated February 12, 2003, plaintiff requested review of the ALJ's decision.

(Dkt. 4 at 9 (Ex. 3)).) The Appeals Council, on April 2, 2003, found no basis for review, making the ALJ's decision the final decision of the Commissioner. (Dkt. 19 at 24-25 (Ex. 5).) The Appeals Council advised plaintiff that she could commence a civil action within sixty days of the date of its decision and that it would be presumed she received a copy of the decision within five days of the decision date "unless a reasonable showing to the contrary [was] made." (*Id*. at 24.) The notice also advised plaintiff that, if she could not file a civil action within sixty days, she could ask the Appeals Council for an extension upon provision of a "good reason for not meeting the deadline." (*Id*. at 25.)

Plaintiff did not commence a civil action within sixty days of the date of the Appeals Council's decision. She contends she was not aware any overpayment was outstanding until she received a billing statement in October 2009. (Dkt. 15 at 1.) In a letter to the Appeals Council dated October 9, 2009, plaintiff stated: "I sent in a request for an appeal of a decision in February 2003, and have not heard anything back. I had heard that it may take a long time to receive an answer, but this is a little longer than I expected." (Dkt. 19 at 26 (Ex. 6).) She again asked for a waiver of the overpayment. (*Id*.) The SSA responded, in a letter dated February 1, 2010, by enclosing a copy of the Appeals Council's April 2003 decision denying plaintiff's request for review. (*Id*. at 27 (Ex. 7).) Plaintiff submitted her complaint to this Court on March 30, 2010. (Dkt. 1.)

## DISCUSSION

Pursuant to section 405(g) of title 42, a Social Security claimant may obtain review of a "final decision" of the Commissioner by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may

allow." 42 U.S.C. § 405(g).  Absent "a reasonable showing to the contrary[,]" a claimant is presumed to have received notice of the decision five days after the decision date.  20 C.F.R. § 422.210(c).

The requirement to obtain a final decision of the Commissioner is jurisdictional. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  In this case, with the Appeals Council's decision denying plaintiff's request for review, the Commissioner issued a final decision subject to review in this Court.  *See* 20 C.F.R. § 404.981; *accord* § 422.210.

The sixty-day period for filing a civil action is not jurisdictional.  *Vernon*, 811 F.2d at 1277.  Instead, this time period constitutes a statute of limitations.  *Id*. (citing *Mathews*, 424 U.S. at 328 n.9; *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975)).  As a statute of limitations, the sixty-day filing deadline is subject to equitable tolling.  *Id*. (citing *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)).  The question in this case is, therefore, whether this action is subject to dismissal based on the applicable statute of limitations or whether that limitations period may be equitably tolled.

The affirmative defense of statute of limitations is properly raised in a responsive pleading.  *Vernon*, 811 F.2d at 1278 (citing Fed. R. Civ. P. (8)(c)).  However, it may, in certain situations, "be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint."  *Id*. (citing *Conerly v. Westinghouse Elec. Corp*., 623 F.2d 117, 119 (9th Cir. 1980)).  "Yet such a motion to dismiss should be granted '"only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."'"  *Id*. (quoting *Jablon v. Dean Witter & Co*., 614 F.2d 677,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PAGE -4

682 (9th Cir. 1980)).

In this case, the Commissioner neither raised an affirmative defense in a responsive pleading, nor raised an argument properly discussing the statute of limitations, or in any way addressing equitable tolling, in its motion to dismiss. The Commissioner, instead, argued that plaintiff's claims were jurisdictionally barred and/or had in some way failed to state a claim upon which relief may be granted.

The Commissioner specifically argued that plaintiff failed to show "good cause" for obtaining an extension of the sixty-day time period for seeking court review. This argument recognizes that an extension of the sixty-day filing deadline may be granted by the Commissioner where a request is made to the Appeals Council in writing and with a showing that a claimant had "good cause for missing the deadline[.]" 20 C.F.R. § 404.982; *accord* § 422.210(c). *See also* § 404.911 (in considering the existence of good cause, the SSA considers: (1) circumstances that kept the claimant from making the request on time; (2) whether any action of the agency misled the claimant; (3) whether the claimant did not understand the requirements of the Social Security Act resulting from amendments to the Act, other legislation, or court decisions; and (4) whether the claimant had any limitations which prevented her from timely filing). Good cause may, for example, be found where a claimant "did not receive notice of the determination or decision." § 404.911(b)(7).

The Commissioner argued, with the support of a declaration, that it was not aware of any request for extension filed by plaintiff (Dkt. 11 at 5 and Dkt. 19 at 5) and that, consequently, plaintiff failed to bring forth a judicially reviewable final decision. However, while a request for an extension of time might avert the need for litigation, "a claimant apparently need not

request an extension from the [Commissioner] prior to raising an . . . equitable tolling argument[.]"  *Vernon*, 811 F.2d 1278 (citing *Bowen*, 476 U.S. 467).

Equitable tolling "focuses on whether there was excusable delay by the plaintiff[]" and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  A statute of limitations may, therefore, be equitably tolled where a plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  As explained by the Ninth Circuit:

> We have stated that the purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Equitable tolling also serves to "prevent the unjust technical forfeiture of causes of action." *Id*. Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control. *See* [*Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)]. Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament. *See* [*Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007)].

*Id*. at 1055.

In this case, plaintiff filed her complaint more than six and half years after the presumptive deadline for filing.  However, plaintiff claims she was not aware that the overpayment issue was still outstanding until she received a billing statement in October 2009.  (*See* Dkt. 15.)   She avers that, on the advice of a local Social Security office, she thereafter sent the Appeals Council the above-described October 2009 letter inquiring as to the status of her appeal, and that she filed her complaint within sixty days of receiving the February 2010 letter

which enclosed the Appeals Council's decision. (*Id.*)   Plaintiff contends that "[t]he local office stated they also had never received a response to the request for an appeal."   (*Id.* at 1.)

The extensive delay between the filing of plaintiff's request for review and her inquiry as to its status raises doubts as to plaintiff's diligence and the question of whether this is one of the "rare" cases "in which the equities of tolling are compelling."   *Bowen*, 476 U.S. at 480-81 (finding tolling appropriate where the government's "secretive conduct" prevented timely filing).   *See also Vernon*, 811 F.2d at 1275, 1278 (reversing and remanding for consideration of equitable tolling where plaintiff alleged he was told by an SSA employee that an extension to filing would be granted).   However, the Commissioner, despite being asked for additional briefing on the subject (*see* Dkt. 16), failed to counter plaintiff's contention as to a gap of some six and a half years between the issuance of the Appeals Council's decision and plaintiff's receipt of a billing statement for the overpayment.   Nor did the Commissioner address plaintiff's assertions as to her conversations with the local SSA office.   At the very least, the Court requires additional information and properly supported argument in order to consider the issue of equitable tolling. *See, e.g., Vernon*, 811 F.2d at 1278 (reversing and remanding where the statute-of-limitations issue was "not so clear-cut as to justify its resolution . . . prior to affording [the claimant] the opportunity to further a factual basis for . . . equitable tolling.") The Court, therefore, finds insufficient basis, at this time, for dismissing plaintiff's claims.

## CONCLUSION

For the reasons stated above, the Commissioner's motion to dismiss (Dkt. 11) is DENIED.   This dismissal is without prejudice to the Commissioner seeking dismissal based on the statute of limitations, either before or after the filing of a responsive pleading.   *See id.*;

01 | *Jablon*, 614 F.2d at 682.

02 | DATED this 18th day of November, 2010.

_____
Mary Alice Theiler
United States Magistrate Judge